UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DWAYNE WILLIAM MCCLOUD,    )
                           )
        Plaintiff,         )
                           )
v.                         )        CV423-344
                           )
MS. EDWARDS, *et al.*,     )
                           )
        Defendants.        )

### REPORT AND RECOMMENDATION

The Court previously screened *pro se* plaintiff Dwayne William McCloud's 42 U.S.C. § 1983 Complaint and recommended it be dismissed. *See generally* doc. 9. After noting discrepancies in his financial disclosures in support of his request to proceed *in forma pauperis* and failures to comply with the Court's Orders,[1] the Report and Recommendation explained that McCloud's allegations, *see id.* at 2-3, apparently implicating a failure-to-protect claim, failed to state a claim upon which relief can be granted, *id.* at 4-9. The Court noted that it

---

[1] The prior Report and Recommendation noted the defects, but declined to engage in any "further proceedings to sort out the ambiguities and contradictions in McCloud's financial disclosures," and "assum[ed], without deciding, that McCloud's Complaint should not be dismissed for [those] defects . . . ." Doc. 9 at 3. The Court should follow the same approach here.

discerned no possibility that an amended complaint would address the defects but noted that McCloud was free to file an amended complaint during the fourteen-day period to object to the Report and Recommendations. *See id.* at 9 n. 3. He did not object to the Report and Recommendations but did file an Amended Complaint. *See* doc. 10. Since that pleading supersedes the original Complaint, *see, e.g., Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999), the prior Report and Recommendation is **VACATED** as moot. Doc. 9. The Court, therefore, proceeds to screen the Amended Complaint.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As McCloud is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

McCloud's Amended Complaint includes virtually no factual allegations at all.  He states that the named defendants "violated [his] Due Process [F]ourteenth Amendment and failure to protect." Doc. 10 at 4.  In support of that claim he alleges only that the violation occurred on March 15, 2023, and that, in unedited form and in full, "[c]lassification officials Ms. King & Ms. Edwards housed in unit 9B, Ofc Glynn was also involved, pretrial detainee Leon Duncan also [illegible, presumably "know"] what happened[,]" and "I was placed in 9B housing unit with the suspect in my case." *Id.* at 4-6.  He seeks "compensation for placing my life in [d]anger and for those defendant[s] to be punished accordingly." *Id.* at 6.

First, to the extent that McCloud seeks to secure defendants' "punishment," the Amended Complaint fails to state any claim upon which relief can be granted.  Private citizens are simply not permitted to initiate criminal actions in federal court.  *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution

of another.")));  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").

To the extent that McCloud seeks unspecified "compensation," the facts he has alleged do not support any claim.  A threat of violence may implicate an inmate's constitutional rights in administrative housing decisions.  "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."[2]  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted).  However, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort."  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  Moreover, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference."  *Id.* (internal quotation marks and citation omitted).

McCloud does not allege any threat to his safety, much less one that rises to a "strong likelihood."  McCloud's vague allegation that he is

---

[2] A pretrial detainee's failure-to-protect claims are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See, e.g., Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).  "However the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Id.*

housed in the same housing unit as an unidentified "suspect" in an unspecified "case" is simply insufficient to allege any threat against him. As this Court has observed: "Prisons are dangerous places because they are filled with people society has already deemed too dangers to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger." *Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted). McCloud's Amended Complaint does not identify any such threat. Moreover, his Amended Complaint omits any allegation that either Defendant knew of his connection to the unidentified "suspect," much less that their presence in the same housing unit posed any threat to McCloud.

In summary, McCloud's Amended Complaint fails to state any claim upon which relief can be granted and does not appear amendable. *See* 28 U.S.C. § 1915A(b). It should, therefore, be **DISMISSED**. Doc. 10. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may

file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 14th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA